# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LOUIS H. CLEGG, JR.,

        Petitioner,    :    Case No. 2:22-cv-503

 - vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

WARDEN, Lake Erie Correctional
  Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Louis Clegg pursuant to 28 U.S.C. § 2254.  The case is ripe for decision on the Petition (ECF No. 6), the State Court Record (ECF No. 7) and the Return of Writ (ECF No. 8).  Despite several extensions of time to do so, Petitioner has not filed a reply; his last extension expired January 26, 2023.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 15).

**Litigation History**

On December 13, 2019, the Delaware County Grand Jury indicted Clegg on two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(c).  A trial jury found Clegg guilty on Count One and not guilty on Count Two and he was sentenced to imprisonment from five to seven and one-

half years.  Clegg appealed but the Ohio Fifth District Court of Appeals affirmed. *State v Clegg*, 2021-Ohio-2736 (Ohio App. 5th Dist. Aug. 9, 2021).  The Supreme Court of Ohio declined to exercise jurisdiction over a subsequent appeal.  *State v. Clegg,* 165 Ohio St.3d 1479 (2021).  Clegg filed his habeas corpus case in this Court on January 28, 2022.[1]  He pleads one ground for relief:

> **Ground One**[2]: Trial counsel is ineffective for *inter alia*, failing to raise, elicit testimony, and argue that only available defense to his client.
>
> **Supporting Facts**: Trial counsel failed to raise, elicit testimony, and argue the only viable defense available to his client, the effect of which deprived him of his constitutional right to counsel.

(Petition, ECF No. 6, PageID 288).

Nowhere in the Petition does Clegg plead what he believes that "sole viable defense" to have been.  As Respondent points out, a habeas petitioner is limited to the instances of ineffective assistance of trial counsel which he has litigated in the state courts.  Because Petitioner has not disagreed with this proposition or indeed filed a reply at all, this Report will analyze the case in terms of the claims made on direct appeal.

In the Fifth District Court of Appeals, Clegg argued his counsel provided ineffective assistance because his request for a bill of particulars was untimely and he "failed to raise a single objection to testimony and exhibits."  (Appellant's Brief, State Court Record, ECF No. 7, PageID 563).  In particular,

(1) He made no objection to the testimony of Officer Bell in which the victim's narrative about the alleged rape was recounted;

(2) He never objected to the prosecutor's repeated use of leading questions;

(3) He failed to object to admission of the SANE report which recorded a substantial amount

---

[1] This is the date of mailing of Clegg's Motion for Leave to Proceed *in forma pauperis* which is the effective date of filing the Petition (ECF No. 6, PageID 293).  *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).
[2] Labeled "Ground Four" in the Petition, but there are no pleaded Grounds One, Two, or Three.

2

    of hearsay from the victim; and

 (4) He failed to develop Clegg's testimony about his perception of the victim's level of intoxication.

(Appellant's Brief, State Court Record, ECF No. 7, Ex. 19).

  When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

  Deference under § 2254(d)(1) is fully applicable to claims of ineffective assistance of trial counsel.

> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. 12, 20 (2013)(quoting *Strickland v, Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt."

*Woods v. Etherton*, 578 U.S. 113 (2016)(per curiam; unanimous), reversing *Etherton v. Rivard*, 800 F.3d 737 (6th Cir. 2015).

> "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky,* 559 U.S. ___, ___, 559 U.S. 356, 130 S. Ct. 1473,

>1485, 176 L. Ed. 2d 284, 297(2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674; see also *Bell* v. *Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart* v. *Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674.
>
>Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674; *Lindh* v. *Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ___, 129 S. Ct. 1411, 173 L. Ed. 2d 251. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___, 129 S. Ct. 1411, 173 L. Ed. 2d 251. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington, supra*, at 105 (2011).

In its decision on appeal, the Fifth District recognized that *Strickland* provides the governing standard for ineffective assistance claims. *Clegg*, supra, at ¶¶ 49-51. Rather than discuss the deficient performance prong of *Strickland*, the appellate court focused on the

4

prejudice prong. The standard it purported to apply was drawn directly from *Strickland*: "the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Clegg, supra* at ¶ 51, quoting *Strickland,* 466 U.S. at 694.

Defense counsel had requested a bill of particulars which was denied because it was untimely made. The trial was continued, but the request was not renewed. The Fifth District found there was no prejudice because "Appellant was not challenging the conduct that took place, rather he claimed that such conduct was consensual." *Clegg, supra*, at ¶ 53. In light of the Fifth District's factual findings regarding testimony of the victim and Petitioner, the Magistrate Judge finds this to be an accurate analysis of the bill of particulars claim. We do not know why defense counsel had sought a bill of particulars earlier in the case, but his decision not to renew the request could have come quite reasonably from his viewing the likely testimony in the same light as the Fifth District eventually saw it.

Clegg claims it was ineffective assistance to fail to object to Officer Bell's hearsay testimony about the victim's statements to the officer at the hospital. The Fifth District found no prejudice because the victim testified consistently with Bell's testimony and was subject to cross-examination. *Clegg, supra*, at ¶¶ 54-55.

Clegg claims it was ineffective assistance to fail to object to admission of the SANE report. The Fifth District found the report was properly admissible under Ohio R. Evid. 803(4) as a record of statements made to medical personnel for purposes of diagnosis or treatment, so any hearsay objection would have been overruled. *Clegg, supra*, at ¶¶ 57-58. Furthermore, the same evidence came in through the victim's testimony at trial, obviating any possible prejudice. *Id.*

Clegg claimed he received ineffective assistance when his attorney failed to object to leading questions asked by the prosecutor. The Fifth District found Clegg had not demonstrated any deficient performance or prejudice because "Appellant fails to cite this Court to any specific instances in the transcript or any prejudice that resulted therefrom." *Clegg, supra,* at ¶ 60.

Although there are two prongs to the *Strickland* test, courts may address only one prong if it is dispositive:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland,* 466 U.S. at 697.

Clegg has made no showing that the Fifth District's decision is an objectively unreasonable application of *Strickland*. In particular he has not shown what testimony would have been excluded upon proper objection or admitted if properly elicited. Although he never explicitly says so, it appears Clegg's "only viable defense" was that the victim consented and that her ability to consent or not was not substantially impaired by alcohol. But he has not shown what facts could have been presented to establish that defense and his opportunity to establish those facts in a post-conviction proceeding has expired.

6

**Conclusion**

The decision of the Fifth District is an objectively reasonable application of *Strickland*, supra, and is therefore entitled to deference.  Therefore the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 15, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge